IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KELLI SMITH,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 08-CV-598-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Kelli Smith, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S.

---

[1] Plaintiff's May 31, 2005, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held October 4, 2007. By decision dated November 15, 2007, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 11, 2008. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## ALJ Decision

Plaintiff was 37 years old on the alleged onset date, May 31, 2005. She has a General Equivalency Diploma and formerly worked as assembler, nurse aide, service station clerk, package sealer, and waitress. She claims to have been unable to work since May 1, 2005, as a result of mental limitations. The ALJ determined that Plaintiff's limitations are nonexertional. She has organic and affective disorders and a history of substance abuse. The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform medium work, can understand, remember, and carry out complex instructions, but must not have contact with the public while at work, although she can interact on a superficial level with her co-workers and supervisors. [Dkt. 13, p. 18].

Based on the testimony of a vocational expert, the ALJ determined that Plaintiff could return to her past relevant work as a package sealer, but could not return to any of her other jobs. [Dkt. 13, p. 20]. The ALJ also determined that, based on further testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations of Error**

Plaintiff argues that the ALJ failed to adequately discuss and analyze the relevant medical evidence and that the failure to discuss the medical evidence corrupted the ALJ's credibility analysis. The undersigned concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the undersigned United States Magistrate Judge RECOMMENDS that the Commissioner's denial of benefits be AFFIRMED.

**Discussion**

ALJ's Discussion of Medical Evidence

Plaintiff asserts that the ALJ's decision should be reversed because:

> The ALJ did not mention or reference any of the GAF scores from the Wagoner Hospital, nor did the ALJ give any individual discussion of Smith's treatment at the Wagoner Hospital. (Tr. 17). In addition, Dr. Atwood's consultative examination is missing from the ALJ's discussion of the evidence. (Tr. 17).

[Dkt. 14, p. 9].

The undersigned finds no error in the ALJ's failure to include details from the medical records generated during Plaintiff's hospitalization in the Wagoner Hospital. Plaintiff was voluntarily admitted to Wagoner Community Hospital on May 20, 2005, with complaints of intense mood swings, thinking of hurting her common-law husband/boyfriend, crying spells, and suicidal ideations. [Dkt. 13-2, p. 23]. On admission Plaintiff's Global Assessment of Functioning (GAF) was rated as 30 and on discharge was rated as 50. [Dkt. 13-2, p. 23-24]. The discharge summary dated May 26, 2005, indicates that Plaintiff would follow up

with CREOKS Mental Health Center. *Id.* at 23. The first of the CREOKS records is dated May 23, 2005. [Dkt. 13-2, p. 74].

The ALJ noted that Plaintiff had been hospitalized in May, 2005 at Wagoner Community Hospital following a suicide attempt. [Dkt. 13, p. 19]. The ALJ also noted that the CREOKS treatment records referred to the Wagoner Hospital records and that the GAF assessments by CREOKS were 52 on admission to the CREOKS program and 53 on discharge from that program. *Id.* The court finds no error in the ALJ's failure to include a discussion of Plaintiff's course during her brief stay at Wagoner Community Hospital.

Plaintiff also asserts that the ALJ erred in failing to discuss a consultative psychological examination performed by Dr. Atwood. However, Plaintiff does not provide any argument about how the content of Dr. Atwood's report should have affected the ALJ's analysis. Plaintiff has not demonstrated that the failure to discuss Dr. Atwood's report requires remand or that anything within that report is inconsistent with the ALJ's RFC findings.

The undersigned rejects Plaintiff's assertion that the ALJ painted a benign picture of her mental limitations by referring only to the evidence that supported his findings and ignoring evidence that supported her disability claim. Plaintiff has not supported that statement by pointing to evidence in the record demonstrating the ALJ did not account for all her limitations in the RFC finding that she is limited to having no contact with the public in a working environment and only superficial contact with other employees and

supervisors.[2] Furthermore, the ALJ followed the required procedures for the evaluation of mental impairments as set forth in the regulations, 20 C.F.R. §§ 404.1520a and 416.920a, finding Plaintiff had mild restrictions in the activities of daily living, moderate difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and had experienced one or two episodes of decompensation. [Dkt. 13, p. 17].

The undersigned finds that the ALJ's decision accurately portrayed the medical evidence and that the ALJ's decision is supported by substantial evidence.

## Credibility Analysis

Plaintiff's contention that the ALJ erred in his credibility analysis is premised on "the ALJ's error in failing to properly analyze the medical evidence of record", which Plaintiff claims "corrupted the ALJ's credibility analysis as well." [Dkt. 14, p. 12]. Since Plaintiff did not demonstrate that the ALJ failed to provide an adequate analysis of the medical record, this contention also fails to require reversal of the decision. The undersigned finds that the ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating the credibility of Plaintiff's claims that she is disabled and also finds that the ALJ's determination on this matter is supported by substantial evidence in the record.

## **Conclusion**

The undersigned finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts further there is substantial

---

[2] Generally, a court will decline to address allegations raised but not discussed or supported by citation to fact or law. *See generally, United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error); *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (courts are not to create or to develop arguments for litigants that litigants do not develop themselves).

5

evidence in the record to support the ALJ's decision. Accordingly, the undersigned RECOMMENDS that the decision be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 3rd day of September, 2009.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE